United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DORSI BONNER,

    Plaintiff,

v.

FUJI PHOTO FILM,

    Defendant.
_____/

No. C 06-04374 CRB

**ORDER**

    Dorsi Bonner ("Plaintiff") claims that her picture has been misappropriated and used on packaging for disposable cameras. Plaintiff asserts various causes of action under California law for the wrong she has suffered, among them invasion of privacy, appropriation of likeness, intentional infliction of emotional distress, negligence, unfair business practices, and the violation of several state statutes.

    Now pending before the Court is a motion to dismiss filed by Edward Menuez ("Defendant"), the photographer who took Bonner's picture. Defendant asserts that Plaintiff's state-law claims are all preempted by the Copyright Act. For the reasons set forth below, Defendant's motion to dismiss is DENIED.

**DISCUSSION**

    In Downing v. Abercrombie & Fitch, 265 F.3d 994 (9th Cir. 2001), the Ninth Circuit examined the case of several surfers who claimed that a clothing company had misappropriated a picture of them and used the photograph for commercial gain in a catalog.

1   Id. at 999-1000.  The surfers asserted numerous claims under California law, including
2   invasion of privacy, appropriation of likeness, and negligence.  Id. at 1000.  The clothing
3   company argued that the claims were preempted by federal copyright law.  The Ninth
4   Circuit, however, rejected that argument, holding that the surfers' were not preempted
5   because "it is not the publication of the photograph itself, as a work of creative authorship,
6   that is the basis for [the surfers'] claims, but rather, it is the use of the [surfers'] likenesses
7   and their names pictured in the published photograph."  Id. at 1003.  The court held that
8   claims for misappropriation of a person's "name or likeness" is not preempted by the
9   Copyright Act, "notwithstanding the fact that [such] names or likenesses are embodied in a
10  copyrightable photograph."  Id. at 1004.

11       More recently, in Laws v. Sony Music Entertainment, Inc., 448 F.3d 1134 (9th Cir.
12  2006), the Ninth Circuit examined the case of a singer who alleged that a clip from one of her
13  songs had been used without her permission in subsequent recordings by other artists.  Id. at
14  1136.  The singer asserted numerous state-law claims, including invasion of privacy and
15  misappropriation of name and voice.  Id.  The recording studio that used the recording argued
16  that her state-law claims were preempted by federal copyright law.  Id.  The Ninth Circuit
17  agreed, holding that the singer's sound recording was "within the subject matter of
18  copyright" as a work of creative authorship that had been "fixed in a tangible medium."  Id.
19  at 1141, 1143.  The court distinguished other cases in which other plaintiffs had sued for
20  misappropriation of their voices or their likenesses, finding those cases inapposite on the
21  ground that the singer's claim "challenged control of the artistic work itself and could hardly
22  be more closely related to the subject matter of the Copyright Act."  Id. at 1142.

23       Defendant, citing Laws, moves for dismissal on the ground that Plaintiff's claims are
24  preempted by federal copyright law.  Plaintiff opposes the motion, citing Downing.  The
25  Court agrees with Plaintiff that her claims are not preempted by the Copyright Act.

26       Defendant's effort to force this case under the umbrella of Laws is utterly
27  unpersuasive.  First, the Ninth Circuit in Laws explicitly distinguished cases, such as this
28  one, involving the alleged commercial misappropriation of photographs.  See Laws, 448 F.3d

2

1   at 1141 ("Laws points to two cases for support.  Both cases, however, involve photographs
2   used in advertising, and are distinguishable from this case." (citing <u>Downing</u>, 265 F.3d at
3   994)).  Second, leading copyright treatises are in accord on the notion that the use of a
4   person's likeness is not covered by copyright law, even though the likeness may be captured
5   in a copyrightable photograph.  <u>See, e.g.</u>, 1 Melville B. Nimmer & David Nimmer, Nimmer
6   on Copyright § 1.01[B][1][c], at 1-28 (2006) ("[N]ame and likeness do not become a work of
7   authorship simply because they are embodied in a copyrightable work such as a
8   photograph.").  Third, despite Defendant's characterization of the complaint and the
9   complaint's occasional use of the words "likeness" and "picture" as synonyms, Plaintiff is
10  not advancing a claim for the misappropriation of the photograph itself, but rather for the
11  misappropriation of her likeness, as it has been captured in the photograph.  <u>See, e.g.</u>, Compl.
12  ¶ 10 ("Defendant knowingly used Plaintiff's likeness on merchandise and to sell their
13  [disposable cameras]."); <u>id.</u> ¶ 11 ("The use of the Plaintiff's likeness was directly connected
14  to the Defendant's commercial purpose."); <u>id.</u> ¶ 17 ("The actions of Defendant as alleged
15  herein above constitute unlawful appropriation of Plaintiffs likeness . . . .").

       The Court concludes that this case is squarely controlled by the surfers' case and not
    the singer's.  Accordingly, Defendant's motion to dismiss is DENIED.

       **IT IS SO ORDERED.**

Dated:  November 13, 2006         CHARLES  R. BREYER
                                  UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\4374\order re preemption.wpd          3